IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00850-PAB-CYC

MARK S. ELLIS,,

Plaintiff,

v.

JENNIFER MIX,
SADIE SANCHEZ,
MISTY ZADE,
LACY MONDAY,
RICK GROOMS,
KAITLYN GREGORY, and
JOHN AND/OR JANE DOES 1-10,,

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 48 (the "Motion"). Oral argument will not materially assist in the resolution of this matter and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on March 2, 2026. ECF No. 1. He subsequently was granted leave to amend his complaint, ECF No. 11, and filed the First Amended Verified Prisoner Complaint, ECF No. 12, which is the operative pleading.

The plaintiff alleges that the defendants violated his Eighth Amendment rights by denying him adequate medical care rising to the level of deliberate indifference. ECF No. 12.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case, for example is still in its very early stages — the plaintiff amended his complaint one time and there is a motion to dismiss pending, ECF No. 24. *See Diaz v. USI Ins.*

*Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). And to date, the plaintiff "has been a competent participant in this litigation," including seeking and being granted leave to amend his complaint, serving the defendants, filing a response to the motion to dismiss, and filing motions for enlargements of time where appropriate and for other relief. *Id.* To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint—a claim of deliberate indifference in prison facility—is not amongst the most novel or complex that find their way into federal court.

In sum, this case is at an early stage, it is not overly complex from a reading of the First Amended Complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 48, is **DENIED without prejudice**.

Entered and dated this 23rd day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge